**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

(To be supplied by the court)

LINDA GLADER,
    Plaintiff,

v.

BACKER ROD MFG. INC., a Foreign Corporation authorized to do business in Colorado
    Defendant.

## COMPLAINT

COMES NOW Plaintiff, Linda Glader (Ms. Glader), and for her Complaint against Defendant, Backer Rod Mfg. Inc., (Backer Rod) alleges the following:

### I. INTRODUCTION

In this case Ms. Glader alleges that, on numerous occasions, she was subjected to sexual harassment by her work supervisor, Bill Bergel. It is a proceeding for damages to redress the violation of Ms. Glader's right to be free of gender base discrimination in the workplace and damages resulting from sexual harassment.

### II. JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 & 1343 and 42 U.S.C. § 2000e-5(f)(3).

### III. VENUE

2. The unlawful actions described below were committed in the state of Colorado. Venue is proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391(b).

## IV. PARTIES

3. Linda Glader, the plaintiff in this action was employed by Backer Rod Manufacturing Backer Rod Manufacturing Inc. She is a resident of the State of Colorado.

4. Backer Rod Manufacturing Backer Rod Manufacturing Inc., the defendant is a corporation authorized to do business in the State of Colorado whose local business address is 4244 North Broadway, Denver, CO 80216.

5. Defendant is an employer within the meaning of Title VII.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Paragraphs 1 through 5 are incorporated herein.

7. On July 3, 2008 Plaintiff filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission alleging discrimination on the basis of her gender and that she had been subjected to a hostile work environment because of her gender.

8. Plaintiff received a Right to Sue letter on May 27, 2010, allowing her ninety days within which to bring an action under Title VII. A copy of that letter is attached hereto and incorporated herein as Exhibit A hereof.

9. This action was commenced within that ninety day period.

## VI. FACTUAL ALLEGATIONS

10. Paragraphs 1 through 9 are incorporated herein.

11. Ms. Glader began working full time for Backer Rod Inc., as an inside sales representative, on April 25, 2007. She left Defendant's employment on June 9, 2008 because the conduct of her immediate supervisor, Bill Bergel.

12. When Ms. Glader was new to the job Mr. Bergel often asked her to lunch. Initially she accepted because she believed that doing so would help to build a working rapport with her new boss. Later he demanded that she go to lunch with him and certain vendors. The job was fast paced and stressful and she needed time to herself at noon. When she refused his demands he became angry and ostracized her.

13. Mr. Bergel proposed that Plaintiff leave her boyfriend and date Mr. Bergel instead. When she refused he suggested that they sneak around and go to dinner, the opera, or other places without telling her boyfriend. He made similar proposals on numerous occasions. Each time she refused his sexual advances.

14. While Plaintiff was employed by Defendant Mr. Bergel sent her numerous pornographic e-mails containing graphic depictions of male genitalia.

15. Mr. Bergel came to Plaintiff's desk and claimed a Backer Rod customer was attempting to arrange a sexual encounter to include himself, the customer and an unnamed woman. To punctuate the story Mr. Bergel simulated sexual intercourse by pumping his hips back and forth with his arms stretched in front of him. His hands were held palms down below his waist. When he completed his pantomime Mr. Bergel related to Ms. Glader that he would not want to have sex with the woman immediately after the customer had.

16. Mr. Bergel and Ms. Glader were working on a project and chatting while they worked. She innocently asked if Mr. Bergel's mother had remarried. He responded with a hand gesture to indicate masturbation and stated "My mother doesn't need a man. All she needs is this." His subsequent smile added to Ms. Glader's discomfort.

17. When hired Plaintiff was advised by Mr. Bergel that she would receive a $1.00 per hour raise after six months with the company and that she would be evaluated annually. She received

a $1.00 raise after six months. As her one year anniversary approached she was told by Mr. Bergel, on numerous occasions, that she was doing an excellent job and was in line for a raise of up to $2.00 an hour. When she had been employed by Defendant for a year she requested Mr. Bergel authorize the promised raise. He refused, and explained to her that the corporate managers were unhappy with her and her job was in jeopardy. His explanation proved to be false.

## CLAIM FOR RELIEF
## (VIOLATION OF TITLE VII)

18. Paragraphs 1 through 17 are incorporated herein.

19. Defendant discriminated against Plaintiff because of her gender in violation of Title VII, 42 U.S.C. § 2000e-(2)(a), by engaging in, tolerating or failing to prevent the ongoing gender-based, sexual harassment alleged herein and by failing to take affirmative action to correct and redress these unlawful employment practices.

20. During Plaintiff's employment Mr. Bergel, acting without Plaintiff's consent and contrary to her stated wishes, spoke to her in graphic sexual terms that were offensive to her.

21. During Plaintiff's employment Mr. Bergel, acting without Ms. Glader's consent and contrary to her stated wishes, attempted to initiate a romantic relationship between them.

22. Plaintiff clearly indicated that the conduct was unwelcome. Plaintiff did not solicit or incite the conduct and she perceived the conduct to be offensive and/or undesirable.

23. This conduct and other incidents of harassment describe above were because of Plaintiff's gender.

24. The conduct suffered by Plaintiff was sufficiently pervasive and/or severe to alter and did alter a condition of Plaintiff's employment and created an abusive working environment.

25. Plaintiff was detrimentally affected by the conduct and such conduct would have detrimentally affected a reasonable woman in Plaintiff's position.

26. The Defendant knew or should have known of the harassment described herein and Mr. Bergel's propensity to engage in such gender-based, sexual harassment and failed to implement prompt and appropriate corrective action.

27. The harassment directed at Plaintiff was either intended to cause her severe emotional distress or was perpetrated with malice or reckless indifference to the likelihood that it would cause such distress. Defendant is, therefore, liable to Plaintiff for all damages proximately resulting from the distress she has suffered relating to the conduct of Defendant.

28. Mr. Bergel's conduct unreasonably interfered with Plaintiff's work and created an intimidating, hostile, and offensive working environment.

29. Ms. Glader's rejections of Mr. Bergel's advances were used, by him as the basis for decisions affecting Ms.Glader's employment.

30. Due Mr. Bergel's conduct Ms. Glader was constructively discharged from her employment with Backer Rod Manufacturing because the working conditions were intolerable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

    a. Damages for past and future emotional distress;

    b. Past and future pecuniary damages;

    c. Nominal damages;

    d. Punitive damages as provided by law;

    e. Consequential damages;

    f. Pre- and post- judgment interest at the highest statutory rate;

    g. Costs and attorneys fees pursuant to Fed. R. Civ. P. 54 and 42 U.S.C. § 1988; and

  h.  All other legal or equitable relief the court deems appropriate.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial for all issues triable by jury.

Respectfully submitted Monday, August 16, 2010.

            The Law Offices of Sandomire and Schwartz

            s/ Gabriel N. Schwartz
            Gabriel N. Schwartz
            281 S. Pearl Street
            Denver, Colorado, 80209
            Telephone: (303) 863 – 9398
            FAX:   (303) 831 – 9374
            Email:  Gabriel@Sandslaw.us
            Attorneys for Plaintiff